DANIEL G. BOGDEN
United States Attorney
District of Nevada

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar No. 5109
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Patrick.Rose@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY MAUREEN MINSHEW<br><br>    Plaintiff,<br><br>    v.<br><br>THE HONORABLE MICHAEL B. DONLEY, SECRETARY OF THE AIR FORCE, GEORGE SALTON, LT. COL. KURT BERGO, AND ALPHA-OMEGA CHANGE ENGINEERING, A VIRGINIA CORPORATION<br><br>    Defendants. | Case No. 2:10-cv-01593-PMP-PAL<br><br>**CONSENT PROTECTIVE ORDER** |

Without admission or waiver by any party, the general nature of this action is as follows. Plaintiff Mary Maureen Minshew ("Plaintiff" or "Minshew") is a former employee of the United States Air Force ("Air Force"), as well as a former employee of Defendant Alpha-Omega Change Engineering ("Alpha-Omega"). This action arises from Plaintiff having been hired and then quickly fired by Alpha-Omega with respect to work performed by Alpha-Omega at Nellis Air Force Base ("Nellis") in Las Vegas, Nevada. As against the Federal Defendants, Minshew has asserted the following claims: a Title VII/ADEA retaliation claim against the Secretary of the Air

Force ("Secretary"); and a *Bivens* due process claim against Col. Bergo and Mr. Salton in their individual capacities.[1] Minshew also currently has pending a motion to amend her Complaint to add claims against the Secretary under the Privacy Act, 5 U.S.C. § 552a. As against Alpha-Omega, Plaintiff has asserted a claim under 42 U.S.C. § 1985(3), as well as several state law claims for relief. The parties anticipate that discovery will involve personnel, medical, and other records that are likely to contain confidential information including, but not limited to, records and information protected by the Privacy Act, and the Health Insurance Portability and Protection Act.

Through this protective order, the parties seek to address the handling of such personnel, medical, and other records that are likely to contain confidential information including, but not limited to, records and information protected by the Privacy Act and the Health Insurance Portability and Protection Act. In order to permit the parties to discover and disclose to each other such confidential records as is relevant to this case, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate and consent to the following:

**IT IS HEREBY ORDERED** that, pursuant to this protective order, the Federal Defendants are authorized to release to other parties in this case records and information otherwise protected by the Privacy Act without obtaining prior written consent of the individual(s) to whom such records pertain, provided that such information is reasonably related to this litigation. Nothing in the Order is intended to limit or preclude in any way the Federal Defendants' existing rights to access and review documents containing Privacy Act information.

. . .

. . .

. . .

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

**IT IS FURTHER ORDERED** as follows:

Counsel for the parties expect that most, if not all, records to be exchanged during discovery are likely to constitute or contain personnel, medical, or other confidential information including, but not limited to, that protected by the Privacy Act or the Health Insurance Portability and Protection Act. Counsel therefore agree that all records exchanged by the parties during discovery shall be deemed CONFIDENTIAL and treated as such under this Order unless otherwise agreed by Counsel or ordered by the Court.

1. Accordingly, although not required, but for good measure, Counsel may also mark records subject to this Order with the notation "CONFIDENTIAL" on them or by an appropriate letter identifying the records.

2. CONFIDENTIAL records under this Order shall be shown only to (i) the parties, Counsel for the parties, consultants, and expert witnesses, as well as staff in their employ with a need for access in order for each party to prosecute or defend this action including, but not limited to, paralegals, legal assistants, and nurses; (ii) the judges of this Court, the Court's staff, and the trier of fact as necessary for this case to proceed through the litigation process and for this case, or issues or claims therein, to be heard and adjudicated; (iii) qualified persons recording and transcribing depositions, as well as deponents questioned about CONFIDENTIAL records; and (iv) any other persons mutually authorized by all Counsel to examine such materials. Counsel shall inform such persons of the confidential nature of the records and that such records are subject to this protective (non-disclosure) Order. Consultants and expert witnesses retained by the parties or Counsel shall sign an acknowledgment in accordance with the last paragraph of this Order.

3. Unless Counsel agree that a particular deposition does not involve any CONFIDENTIAL records or information, deposition transcripts shall be treated as CONFIDENTIAL records subject to the terms of this Order.

. . .

4.  Except as provided herein, no person having access to CONFIDENTIAL records subject to this Order shall reveal to any person not named in paragraph 2 any such records or information contained in such records without further order of the Court or stipulation of the parties.

5.  Paragraph NOT APPROVED per Judge Leen.

6.  Within sixty (60) days of the conclusion of all trial and appellate proceedings in this case, Counsel for the receiving party(ies) shall either (i) return to Counsel for the producing party(ies) all CONFIDENTIAL records and copies of same or (ii) certify to Counsel for the producing party(ies) that all CONFIDENTIAL records and copies of same have been destroyed.

7.  This Order is without prejudice to the rights of any party to introduce, or object to the introduction, into evidence at trial or during summary judgment proceedings any materials that are subject to this Order.

8.  This Order is without prejudice to the rights of any party to make any objections to discovery requests as permitted by the Federal Rules of Civil Procedure, statute or other authority.

9.  Counsel shall confer in good faith as to any dispute concerning the terms or implementation of this Order. If, despite such good faith efforts, Counsel are unable to resolve such a dispute, Counsel may seek adjudication from the Court through appropriate motion. Until any such dispute is adjudicated by the Court, Counsel and the parties shall continue to treat the

applicable material(s) as CONFIDENTIAL in accordance with the terms of this Order.

10. Each person retained as a consultant or expert witnesses, to whom is disclosed CONFIDENTIAL records, shall sign and date an acknowledgment, substantially in the form as that attached hereto, affirming that they have read and agree to be bound by the terms of this Order, and a copy of same shall be served on Counsel for the other parties.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: March 9, 2011

CONSENTED TO:

| | |
|---|---|
| THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER | ANDERSON, McPHARLIN & CONNORS LLP |
| | //S// BRIAN L. BRADFORD |
| // S // DEBORAH L. ELSASSER | Brian L. Bradford |
| Deborah L. Elsasser | Nevada Bar #9518 |
| Nevada Bar #5294 | 777 N. Rainbow Blvd., Suite 145 |
| 1100 East Bridger Avenue | Las Vegas, NV 89107 |
| Las Vegas, NV 89101 | (702) 479-1010 |
| (702) 366-0622 | (702) 479-1025 - Facsimile |
| (702) 366-0327 - Facsimile | blb@amclaw.com |
| dle@thorndahl.com | and |
| and | J. Brooke Spotswood |
| Kelly R. Dahl | SPOTSWOOD LAW |
| BAIRD HOLM LLP | 75A Main Street |
| 1700 Farnam Street | Mathews, VA 23109 |
| 1500 Woodmen Tower | Attorneys for Defendant |
| Omaha, NE 68102 | Alpha-Omega Change Engineering, Inc. |
| (402) 636-8223 | |
| (402) 344-0588 - Facsimile | Daniel G. Bogden |
| kdahl@bairdholm.com | United States Attorney |
| Attorneys for Plaintiff | |
| Mary Maureen Minshew | //S// PATRICK A. ROSE |
| | Patrick A. Rose |
| | Assistant United States Attorney |
| | 333 Las Vegas Blvd. South, Suit 5000 |
| | Las Vegas, Nevada 89101 |
| | Phone: (702) 388-6336 |
| | patrick.rose@usdoj.gov |
| | Attorneys for the Federal Defendants |