1

2

3

4

5

6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7

8

9

10

11

12

13

14

15

MARY MAUREEN MINSHEW,

        Plaintiff,

v.

MICHAEL B. DONLEY, Secretary of the
Air Force; UNITED STATES
DEPARTMENT OF THE AIR FORCE;
GEORGE SALTON; KURT BERGO; and
ALPHA-OMEGA CHANGE
ENGINEERING,

        Defendants.

2:10-CV-01593-PMP-PAL

ORDER

16

17

18

19

20

      On December 4, 2012, this Court ordered the parties to show cause why certain
sealed filings related to the parties' summary judgment motions should not be unsealed.
(Order (Doc. #165).)  Before the Court are Plaintiff's Response to Show Cause Order and
Motion to Submit Exhibits Under Seal (Doc. #176), Defendants' Response to Order to
Show Cause (Doc. #178), and Defendants' Motion to File Under Seal (Doc. #180).

21

22

23

24

25

26

      Plaintiff responded to the Court's show cause Order, arguing the identified filings
should remain sealed in their entirety because Defendants improperly released information
in violation of the Privacy Act and this information should not become public through
Plaintiff's lawsuit.  Alternatively, Plaintiff requests redacted versions of certain documents
be filed because the exhibits contain personal identification information, such as Plaintiff's
social security number.

1         Defendants Michael B. Donley and the United States Department of the Air

2  Force also responded to the Court's show cause Order.  Defendants agree with Plaintiff that

3  certain exhibits should be redacted to protect Plaintiff's personal identification information.

4  Defendants also argue that Exhibits I and J to Docket No. 149 should be redacted, along

5  with certain portions of Docket Nos. 148, 149, and 155 which reveal the contents of

6  Exhibits I and J.  Defendants assert these exhibits and related documents reveal sensitive

7  information about unrepresented third parties.

8         Generally, the public has a right to inspect and copy judicial records.  Kamakana

9  v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  Such records are

10  presumptively publicly accessible.  Id.  Consequently, a party seeking to seal a judicial

11  record "bears the burden of overcoming this strong presumption."  Id.  In the case of

12  dispositive motions, the party seeking to seal the record "must articulate compelling reasons

13  supported by specific factual findings that outweigh the general history of access and the

14  public policies favoring disclosure, such as the public interest in understanding the judicial

15  process."  Id. at 1178-79 (alteration and internal quotation marks and citations omitted).

16  Among the compelling reasons which may justify sealing a record are "when such court

17  files might have become a vehicle for improper purposes, such as the use of records to

18  gratify private spite, promote public scandal, circulate libelous statements, or release trade

19  secrets."  Id. at 1179 (quotation omitted).  However, avoiding a litigant's "embarrassment,

20  incrimination, or exposure to further litigation will not, without more, compel the court to

21  seal its records."  Id.

22         The Court will permit the redaction of exhibits containing Plaintiff's personal

23  identification information, including her address and social security number.  See United

24  States District Court, District of Nevada Special Order No. 108 (providing that "parties

25  shall refrain from including, or shall partially redact" social security numbers, dates of birth,

26  and home addresses).  The public interest in such information is outweighed by the privacy

concerns in revealing information which may subject Plaintiff to identity theft and, in the context of this case, would not further the public policy goals underlying the presumption in favor of public access to judicial records.

The Court likewise will permit the redaction of Exhibit I to Docket Nos. 148 and 149, along with limited information contained in Docket Nos. 148, 149, and 155 which reveal the contents of this exhibit, as set forth in the United States' proposed redactions. Exhibit I is a reprimand of an employee who is not a party to this case. The reprimand does not form the basis of Plaintiff's claims in this case. The public interest in such information in the context of this case is outweighed by the sensitive nature of this personnel document which ordinarily would be protected by the Privacy Act.

For the same reasons, the Court will permit a partial redaction of Exhibit J to Docket Nos. 148 and 149 and related information in Docket Nos. 148, 149, and 155 which reveal this same information. Part of Exhibit J reveals that an Equal Employment Opportunity complaint was filed by and against individuals who are not parties to this case, including the general content of the complaint. However, sealing the entire exhibit is not appropriate, as it also contains information related to the present case. Accordingly, Plaintiff shall redact Exhibit J to remove every reference in Exhibit J to the EEO complaint filed against a supervisor by a different employee and the sentence which identifies the substance of that complaint. Additionally, Plaintiff shall redact any portions of Docket Nos. 148, 149, and 155 which reveal this same information.

The Court will deny Plaintiff's request that all the filings remain sealed in their entirety. Although Plaintiff contends Defendants violated the Privacy Act and therefore this information never should have been released, Plaintiff has initiated litigation in this public forum and has put these matters in issue in this case. Pursuing litigation may result in certain information being publicly disclosed which the litigants would prefer remain private, but that is not a compelling reason to seal court records which presumptively are

1   publicly accessible.

2          Based on the above rulings, the Clerk of Court shall unseal Docket Nos. 114,

3   118-21, 130-31, 136, 138-41, 144, 146-47, 151, 154, and 159-64.  Plaintiff shall file

4   redacted versions of Docket Nos. 115, 148, and 149, including all exhibits, consistent with

5   the above rulings on or before April 5, 2013.  Defendants shall file redacted versions of

6   Docket Nos. 142 and 155, including all exhibits, consistent with the above rulings on or

7   before April 5, 2013.  The redacted filings will not be filed under seal.

8          IT IS THEREFORE ORDERED that Plaintiff's Motion to Submit Exhibits

9   Under Seal (Doc. #176) is hereby GRANTED.

10         IT IS FURTHER ORDERED that Defendants' Motion to File Under Seal (Doc.

11  #180) is hereby GRANTED.

12         IT IS FURTHER ORDERED that the Clerk of Court shall unseal Docket Nos.

13  114, 118-21, 130-31, 136, 138-41, 144, 146-47, 151, 154, and 159-64.

14         IT IS FURTHER ORDERED that Plaintiff shall file redacted versions of Docket

15  Nos. 115, 148, and 149, including all exhibits, consistent with the above rulings on or

16  before April 5, 2013.  The redacted filings will not be filed under seal.

17         IT IS FURTHER ORDERED that Defendants shall file redacted versions of

18  Docket Nos. 142 and 155, including all exhibits, consistent with the above rulings on or

19  before April 5, 2013.  The redacted filings will not be filed under seal.

20

21  DATED: March 19, 2013

22                                          _____

23                                          PHILIP M. PRO
                                            United States District Judge

24

25

26

4